IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH ZASADIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-CV-826-WKW |
| | ) | [WO] |
| THE STATE OF ALABAMA, | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| ENVIRONMENTAL | ) | |
| MANAGEMENT, ROBERT | ) | |
| BENTLEY, WILLIAM | ) | |
| GERALD HARDY, LANCE R. | ) | |
| LEFLEUR, MARILYN ELLIOTT, | ) | |
| SONJA M. MASSEY, LEE DAVIS, | ) | |
| and PHIL DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 14, 2012, the Magistrate Judge recommended dismissal of
Plaintiff Kenneth Zasadil's complaint for lack of subject matter jurisdiction. (Doc. #
22.) Plaintiff timely objected. (Doc. # 23.) For the reasons that follow, the
Recommendation is due to be adopted.

## I. BACKGROUND

Plaintiff, an Alabama resident, brought suit against the State of Alabama, the
Alabama Department of Environmental Management ("ADEM"), and various state
officials and employees. Plaintiff removed three underground storage tanks

containing petroleum from his Chilton County property without providing advance notice of the removal and without performing a site assessment, as required by state rules and regulations governing underground storage tanks.  Accordingly, ADEM fined him $1,000.[1]  Plaintiff then brought this suit, alleging that Defendants "were derelict in their duty . . . to insure that the public was safe from the possibility of immediate exposure to toxins which may jeopardize their health and welfare" and that Defendants harassed, assaulted, and defamed Plaintiff.  (Doc. # 1, ¶¶ 7–14.)

## II. STANDARD OF REVIEW

The court reviews *de novo* the portion of the Recommendation to which the objection applies.  28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The Magistrate Judge found no jurisdictional basis for Plaintiff's claim in federal court.  Plaintiff's objection does not undermine that conclusion, and *de novo* review of the record confirms it.

A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Plaintiff asserts that the court has

---

[1] Alabama law authorizes ADEM to "promulgate rules and regulations relating to underground storage tanks," Ala. Code § 22-36-3(1), and to administer and enforce the regulations it promulgates.  Ala. Code § 22-22A-5(1), (18).  ADEM sets standards for "construction, installation, performance, and [operation]" of underground storage tanks in the Alabama Administrative Code.  Ala. Admin. Code r. 335-5-15.01.

jurisdiction to hear his claim because "ADEM is the State Environmental Control Agency for the purposes of federal Environmental Law." (Doc. # 1, ¶ 3.)  Plaintiff does not, however, challenge ADEM's enforcement of any federal law against him or identify a federal constitutional or statutory basis for relief.[2]  *See* 28 U.S.C. § 1331 (granting district courts jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States").   Moreover, there is no basis for diversity jurisdiction, as Plaintiff is an Alabama citizen suing the State of Alabama, a state agency, and state officials who are Alabama citizens.  *See id.* at § 1332(a) (providing for federal jurisdiction over state law claims based on diversity of citizenship).

A district court need not consider "[f]rivolous, conclusive, or general objections."  *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotations omitted).  But the court must construe *pro se* pleadings liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotations omitted)).  Plaintiff's objection does not remedy his complaint's deficiencies.

---

[2]  The Magistrate Judge extended Plaintiff two invitations to identify a federal basis for his claim. (*See* Doc. # 17 (ordering Plaintiff to show cause why complaint should not be dismissed for lack of subject matter jurisdiction); Doc. # 15 (setting status conference where court took up question of subject matter jurisdiction).)

Construed liberally, Plaintiff objection is that federal jurisdiction exists because an Alabama state court is not qualified to hear claims against the State of Alabama, state agencies, or state officials.  (Doc. # 23 at 3 ("If my complaint is heard at the State level, it would be as if I asked the fox to guard the hen house.").)  But federal courts may only hear "those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  District courts may not hear claims brought against a state, state agencies, or state officials simply because a plaintiff fears homecooking in that state's courts.  U.S. Const. Art. III, § 2.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1.    Plaintiff's objection (Doc. # 23) is OVERRULED;

2.    The Recommendation of the Magistrate Judge (Doc. # 22) is ADOPTED;

3.    Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

A separate judgment shall issue.

DONE this 7th day of January, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE

4